Louis Greenberg, Appellant, v. Florence Parsons, Appellee.

Gen. No. 18,462.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed December 31, 1913.

Statement of the Case.

Action of replevin by Louis Greenberg against Florence Parsons to recover possession of certain property. From a judgment dismissing the suit at plaintiff's cost for failure of plaintiff to prosecute the same, and awarding a writ of *retorno habendo*, plaintiff appeals.

LOUIS GREENBERG, *pro se.*

CHARLES E. ERBSTEIN, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Abstract of the Decision.

1.    APPEAL AND ERROR, § 1290*—*presumption as to regularity of proceedings in Circuit Court.* When a Circuit Court is shown to have jurisdiction of the subject-matter and the parties, all presumptions are indulged in, in favor of the regularity of all subsequent proceedings up to and including the final judgment, and will prevail until the irregularity of the same is affirmatively shown.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Greenberg v. Parsons, 184 Ill. App. 434.

2. APPEAL AND ERROR, § 1009*—*when question of sufficiency of service of notice to place cause on short cause calendar not reviewable.* On appeal from an order of the Circuit Court dismissing a cause for want of prosecution, it appearing that the court had jurisdiction of the parties and subject-matter, *held* that the plaintiff cannot urge that the court did not have jurisdiction for the reason that a notice was improperly served on plaintiff of the filing of an affidavit under section 27 of the Practice Act, J. & A. ¶ 8564, for placing the cause on the short cause calendar, where the record does not affirmatively show that such notice was all the notice given plaintiff, nor show that the cause was disposed of on the short cause calendar.

3. APPEAL AND ERROR, § 1313*—*when presumed that proper notice was served to place cause on short cause calendar.* On appeal from an order dismissing a cause for want of prosecution where it is conceded that the cause was placed upon the short cause calendar at the instance of the defendant and the cause was disposed of on the short cause calendar, plaintiff cannot urge that the court did not have jurisdiction for insufficiency of the service of a notice on plaintiff of the filing of an affidavit under section 27 of the Practice Act, J. & A. ¶ 8564, for placing the cause on the short cause calendar, where the record does not affirmatively show that that notice was all the notice given plaintiff, since in such case it will be presumed that other proof of a proper service of such notice was presented to the court.

4. APPEAL AND ERROR, § 842*—*effect when bill of exceptions not signed by proper judge.* Recitals in a bill of exceptions cannot be considered when signed by a judge who did not try the case, where there is nothing in the record to show that the judge who tried the case was by reason of death, sickness or other disability unable to sign it.

5. APPEAL AND ERROR, § 843*—*what constitutes disability of trial judge to sign bill of exceptions.* The fact that the trial judge was not sitting within the jurisdiction at the time the bill of exceptions was signed is no disability rendering him unable to allow and sign a bill of exceptions.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.